**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DIRUBY T. FOSTER,

       Petitioner,

                                        Civil No. 2:09-CV-13661

-vs-                                HON. PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

C. ZYCH,

       Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**
**BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND REASSIGNING CASE TO JUDGE**
**DENISE PAGE HOOD FOR CONSIDERATION AS A MOTION TO VACATE**
**SENTENCE BROUGHT PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING THE**
**CLERK OF THE COURT TO RE-FILE THE PLEADINGS IN THIS CASE UNDER**
**CASE DOCKET # 2:02-CR- 80616**

Diruby T. Foster, ("petitioner"), presently confined at the Federal Transfer Center in

Oklahoma City, Oklahoma, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §

2241. [1] In his *pro se* application, petitioner claims that the Bureau of Prisons (BOP) erred in

denying him presentence credit for his federal sentence for felon in possession of a firearm, 18

U.S.C. § 922(g); and possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1).

For the reasons stated below, the petition for writ of habeas corpus brought pursuant to 28 U.S.C.

§ 2241 is SUMMARILY DENIED.  The Court further orders that the petition be reassigned to

United States District Judge Denise Page Hood for possible consideration as a motion to vacate

sentence under 28 U.S.C. § 2255 in Case # 2:02-CR- 80616.

---

[1] Petitioner was incarcerated at the Federal Correctional Institution in Milan, Michigan when he filed this petition.  Therefore, the Court would have jurisdiction to hear his case.

1

## I.  Background

Petitioner pled guilty to the above charges before Judge Denise Page Hood of the United States District Court for the Eastern District of Michigan, as part of a plea agreement with the United States District Attorney.  Petitioner was sentenced to 200 months incarceration on February 5, 2004.  Petitioner's federal sentence was ordered to run concurrently with two sentences that he was serving in Michigan for delivery of a controlled substance less than 50 grams and possession of cocaine.  On February 10, 2004, petitioner was returned to the Michigan authorities to complete his state sentences.

Petitioner's conviction was affirmed on appeal. *United States v. Foster,* 127 Fed. Appx. 853 (6th Cir. 2005); *cert. den.* 546 U.S. 923 (2005).

Petitioner subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *Foster v. U.S.*, No. 02-90616-DT; No. 2006 WL 2228990 (E.D. Mich. July 31, 2006)(Hood, J.).  Petitioner subsequently filed a supplemental motion to set aside the guilty plea pursuant to 28 U.S.C. § 2255. [2]  On February 27, 2007, Judge Hood ordered the government to file a response to petitioner's supplemental motion. [3]  The government subsequently filed a response to the supplemental motion. [4]  Petitioner subsequently moved to reopen his case. [5] Petitioner has now subsequently filed a motion for retroactive application of the Sentencing

---

[2] *See United States v. Foster*, U.S.D.C. 02-80616, Docket No. 83.

[3] *Id.,* Docket No. 84.

[4] *Id.,* Docket No. 85.

[5] *Id.,* Docket No. 86.

2

Guidelines re: Crack Cocaine 18 U.S.C.§ 3582. [6]  On December 4, 2008, Judge Hood appointed the Federal Public Defender to represent petitioner. [7]  Petitioner's motions remain pending before Judge Hood.

Petitioner was paroled from his Michigan state sentences to the BOP on April 17, 2007. The BOP designated petitioner's federal sentence to have commenced on February 5, 2004, the date that Judge Hood imposed sentence in this case.  Petitioner also received credit towards his federal sentence for time spent in custody between September 10, 2001, September 13, 2001 through October 1, 2001, and July 8, 2002.  The BOP, however, has refused to grant petitioner presentence credit for the 441 days spent in custody between January 22, 2003 and February 5, 2004, on the ground that this time was credited towards petitioner's state sentences.

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  Petitioner seeks to have this Court correct his sentence by adjusting it for the 441 days spent in detention.  This is presentence incarceration credits.  However, the U.S. Marshals label it as boarding time.

II.  Petitioner states so long as the federal government hold(s) petitioner on "loan" pursuant to ad prosequendum writ and does not have the discretion to post bond in order to be sent back to state prison, he must be given credit.

III.  Petitioner was in federal custody from January 22, 2003 to February 10, 2004 after he was sentenced and returned to state custody.

IV. Petitioner states that this Honorable Court has the discretion and authority to grant him the 441 days, because this time was spent in federal detention, pursuant to writ ad prosequendum.

---

[6]  *Id.,* Docket No. 91.

[7]  *Id.,* Docket No. 97.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796(additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

The U.S. Attorney General, not a federal court, has the authority to compute sentencing credits for the time that a defendant spends in detention prior to sentencing. *United States v. Wilson,* 503 U.S. 329, 335 (1992); *McClain v. Bureau of Prisons,* 9 F. 3d 503, 505 (6th Cir.

1993).  However, a federal district court may grant a prisoner claiming the miscalculation of

sentencing credits relief under § 2241. *Id.; See also United States v. Dowell,* 16 Fed. Appx. 415,

420 (6th Cir. 2001); *Stevenson v. United States,* 495 F. Supp. 2d 663, 665-66 (E.D. Mich. 2007).

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper

where the inmate is challenging the manner in which his or her sentence is being executed.

*Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *Perez,* 157 F. Supp. 2d at 793.

Petitioner contends that he is entitled to presentence credit for the 441 days spent in

custody between January 22, 2003, when he was released by Michigan authorities to federal

authorities on a writ of habeas corpus ad prosequendum, until February 5, 2004, the date that he

was sentenced by Judge Hood. [8]   The BOP rejected petitioner's request, because he received

credit for these 441 days against the state sentences that he was already serving time on.

18 U.S.C. § 3585 states in pertinent part:

(a) Commencement of sentence.--A sentence to a term of imprisonment
commences on the date the defendant is received in custody awaiting
transportation to, or arrives voluntarily to commence service of sentence at, the
official detention facility at which the sentence is to be served.
(b) Credit for prior custody.--A defendant shall be given credit toward the service
of a term of imprisonment for any time he has spent in official detention prior to
the date the sentence commences--
(1) as a result of the offense for which the sentence was imposed;
or
(2) as a result of any other charge for which the defendant was
arrested after the commission of the offense for which the sentence
was imposed;
that has not been credited against another sentence.

The BOP determined that petitioner's federal sentence commenced on February 5, 2004,

the date that it was imposed by Judge Hood.  Courts have indicated that "after a defendant is

---

[8]  Petitioner at several places in his petition refers incorrectly to this date as February 10, 2004.

5

sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence[.]'" pursuant to § 3585(a). *See U.S. v. Wells*, 473 F. 3d 640, 645 (6th Cir. 2007)(internal quotation omitted); *See also Doan v. LaManna*, 27 Fed.Appx. 297, 299 (6th Cir. 2001) ("[T]he BOP has the authority to determine when a sentence commences.").  Accordingly, this Court does not have the authority to determine that petitioner's federal sentence commenced prior to February 5, 2004.

In addition, petitioner is not entitled to presentence credit for the 441 days that he was in federal custody pursuant to a writ of habeas corpus ad prosequendum, because petitioner received credit for this time towards the state sentences that he was already serving time on.

18 U.S.C. § 3585(b) authorizes credit only for time "that has not been credited against another sentence." *United States v. Wilson,* 503 U.S. at 334.  In the present case, petitioner is not entitled to credit towards his federal sentence for the time that he was in custody between January 22, 2003 and February 5, 2004 because he received credit on his state sentences for the time that he spent in custody between these two dates.  The Sixth Circuit has rejected claims on numerous occasions under § 3585(b) where the federal prisoner received credit against a state sentence for the time claimed. *See e.g. Woody v. Marberry,* 178 Fed.Appx. 468, 471 (6th Cir. 2006)(federal prisoner not entitled to credit towards federal sentence for time spent in state custody on a detainer awaiting sentencing on a probation violation)*; See also Bridgeman v. Bureau of Prisons,* 112 Fed.Appx. 411, 413 (6th Cir. 2004); *Suaza v. Department of Justice,* 14 Fed. Appx. 318, 319 (6th Cir. 2001); *See also Stevenson,* 495 F. Supp. 2d at 666.

The fact that petitioner was turned over from state officials to the U.S. Marshal's Service

on a writ of habeas corpus ad prosequendum on January 22, 2003 does not alter the Court's conclusion that petitioner is not entitled to sentencing credits in this case, because petitioner remained in the primary custody of the State of Michigan. *See Broadwater v. Sanders,* 59 Fed.Appx. 112, 113-14 (6th Cir. 2003). Producing a state prisoner under a writ of habeas corpus ad prosequendum to answer federal criminal charges does not relinquish state custody. *Jiminez v. Warden, FDIC, Fort Devens, Massachusetts,* 147 F. Supp. 2d 24, 28 (D. Mass. 2001); *Chambers v. Holland,* 920 F. Supp. 618, 622 (M.D. Pa. 1996). A federal sentence therefore does not begin to run at the time that a federal defendant is delivered from state custody for federal prosecution under a writ of habeas corpus ad prosequendum. *Jiminez,* 147 F. Supp. 2d at 28. Primary jurisdiction remains vested in the sovereign that first arrested the defendant until that jurisdiction relinquishes its jurisdiction over the defendant through bail release, dismissal of the pending charges, parole release, or expiration of the sentence. *Jiminez,* 147 F. Supp. 2d at 28; *Chambers,* 920 F. Supp. at 622. § 3585(b)'s ban on double credits therefore applies equally to situations where a prisoner is in federal control pursuant to a writ of habeas corpus ad prosequendum during the time for which presentence credits are sought. *Rios v. Wiley,* 201 F. 3d 257, 274 (3rd Cir. 2000). This is because a prisoner who is detained pursuant to a writ of habeas corpus ad prosequendum still remains in the primary custody of the first jurisdiction unless and until that jurisdiction relinquishes jurisdiction over the prisoner. *Id.* Thus, the reason for disallowing double credit in this situation is that the prisoner is not in custody solely because of the pending federal charges, but is also serving a prior state sentence. *Id.* at 275.

Petitioner's case is distinguishable from the federal prisoner's case in *McClain v. Bureau of Prisons,* where the prisoner sought credit against his sentence for time spent in federal custody

after he had been released on state parole.  In that case, the Sixth Circuit concluded that the prisoner's release on parole from state charges essentially put him in exclusive federal custody. *McClain,* 9 F. 3d at 505.  By contrast, petitioner was not paroled by Michigan authorities prior to the commencement of his federal sentence.  It is clear that petitioner remained in primary custodial jurisdiction of the State of Michigan during the period between January 22, 2003 and February 5, 2004 and received credit against his state sentences.  This situation therefore presents "the quintessential example of when section 3585(b)'s prohibition of double credit should apply." *Rios v. Wiley,* 201 F. 3d at 275.

Petitioner further contends that because he remained in federal custody for such an extended period of time, his federal detention on the ad prosequendum writ transmuted into federal custody, requiring the BOP to grant him presentence credit towards this time.  In support of his argument, petitioner cites to the Tenth Circuit case of *Brown v. Perrill*, 28 F. 3d 1073 (10th Cir. 1994), in which the Tenth Circuit held that a federal prisoner who was detained by federal authorities pursuant to writ of habeas corpus ad prosequendum for 19 months was in federal "custody" and was not merely "on loan" from state authorities.

Petitioner's reliance on *Brown* in support of his claim is misplaced.  As the Third Circuit pointed out in *Rio,* the Tenth Circuit in *Brown* relied on section 3585(b)'s predecessor statute, 18 U.S.C. § 3568, in reaching its decision.  Section 3568, however, "did not contain the explicit prohibition on double credit found in section 3585(b)." *Rio,* 201 F. 3d at 273.  Moreover, as the Third Circuit further commented:

> "[W]e are not aware of any principle of law which supports the conclusion that the length of time in federal detention effectively abrogates the doctrine of primary jurisdiction--predicated on principles of comity--and "transmutes" the inmate into a federal prisoner for crediting purposes under section 3585(b) or its predecessor

statute, section 3568. Moreover, we are unable to ascertain the point at which the prisoner would be deemed to have become a federal prisoner for credit purposes. In this regard, we point out that it is ironical that the longer the federal pretrial detention lasted, the better off the prisoner would be from a crediting standpoint, because a short detention might not result in the prisoner's being regarded as being in federal custody at all, in which case he would not be entitled to credit for that period against the federal sentence ultimately imposed."
*Id.* At 274.

Because petitioner received credit towards his state sentences for the 441 days spent in custody on a writ of habeas corpus ad prosequendum, he is not entitled to presentence credit towards his federal sentence pursuant to 18 U.S.C. § 3585(b).

To the extent that petitioner is requesting a downward departure of his sentence pursuant to U.S.S.G. § 5G1.3 of the Federal Sentencing Guidelines, this Court is without jurisdiction to hear such a claim. A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his or her sentence was imposed in violation of the federal constitution or laws. *Capaldi*, 135 F. 3d at 1123. A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F. 3d 753, 756 (6ᵗʰ Cir. 1999).

Petitioner's U.S.S.G. § 5G1.3 argument constitutes a challenge to the imposition of his federal sentence, not the execution or manner in which his sentence is being served. Therefore, § 2255, not § 2241, would be the proper vehicle by which petitioner should bring his U.S.S.G. § 5G1.3 challenge. *See Garrett v. Snyder,* 41 Fed. Appx. 756, 757-58 (6ᵗʰ Cir. 2002); *See also Perkins v. Lamanna*, 9 Fed. Appx. 482, 483-84 (6ᵗʰ Cir. 2001). Although Judge Hood originally dismissed petitioner's 2255 motion, it appears as though she reopened petitioner's motion to vacate sentence and allowed him to file a supplemental motion to vacate sentence. Petitioner has

9

also filed a motion for retroactive application of the Sentencing Guidelines re: Crack Cocaine 18 U.S.C.§ 3582.  As long as petitioner's motion to vacate sentence remains pending before Judge Hood, petitioner would be unable to show that his remedy under Section 2255 is inadequate or ineffective, so as to obtain 2241 relief on his sentencing guidelines claim. *See Blanton v. Wrigley*, 168 Fed. Appx. 238 (9th Cir. 2006). [9]

A motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner.  Rule 4(a), 28 U.S.C. foll. § 2255; E.D. Mich. LR 83.11(b)(6); *see also Hill v. United States*, 368 U.S. 424, 427 (1962); *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997).  Because the portion of the petition regarding petitioner's entitlement to a credit against his federal sentence pursuant to § 5G1.3 of the federal sentencing guidelines should be construed as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255, this case should be reassigned to Judge Hood, who accepted petitioner's guilty plea and sentenced him. *See Lane v. United States,* 65 F. Supp. 2d 587, 588 (E.D. Mich. 1999); *See also Fonseca v. United States,* 129 F. Supp. 2d 1096, 1098 (E.D. Mich. 2001).

## III.  CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 **[Docket No. 1, filed September 16, 2009]** is **SUMMARILY DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of

---

[9]  Moreover, when a motion to vacate sentence is filed before adjudication of an initial motion to vacate is complete, a federal district court should construe the second motion as a motion to amend the pending motion to vacate sentence, not as a "second or successive" motion for purposes of Antiterrorism and Effective Death Penalty Act (AEDPA). *See Ching v. U.S.,* 298 F. 3d 174, 177 (2nd Cir. 2002).

his habeas petition.

**IT IS FURTHER ORDERED** that this case be reassigned to United States District

Judge Denise Page Hood, pursuant to Rule 4(a) of the Rules Governing Section 2255

Proceedings and Local Rule 83.11(b)(6), for consideration as a possible motion to vacate

sentence under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk of Court shall re-file in Case Docket #

2:02-CR-80616, Docket Entry No. 1 from Case Docket # 2:09-13661.

**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 30, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
October 30, 2009.


s/Denise Goodine
Case Manager

11